[Crim. No. 1959. First Appellate District, Division One.—July 9, 1937.]

THE PEOPLE, Respondent, v. THEODORE GUERRA, Appellant.

No appearance for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

KNIGHT, J.—A jury found the defendant guilty of second degree burglary. It found also as charged in the information that he had been twice previously convicted of felony. An appeal was taken but no brief has been filed in support thereof. ■ When the cause came on for argument defendant's counsel requested and was granted additional time to file a brief, but none has been presented; and the time allowed for the filing thereof has long since expired. We have nevertheless examined the record and after having done so are satisfied that the appeal is without merit.

The record shows that in 1927 the defendant was convicted of burglary in Fresno County; that after having served a sentence therefor in San Quentin prison he was in 1931 convicted of burglary in Los Angeles County; and that shortly after being released from the penitentiary on the latter conviction he was discovered burglarizing a Japanese farm house in Alameda County. The owner of the house came upon him while he was doing so, whereupon he dashed out of the door, struck the owner in the face, knocking him down, and drove away in an automobile. The owner of the house and two or three other persons, including a neighbor named Goularte, took up the pursuit in another automobile, and after chasing defendant for quite a distance succeeded in obtaining the number of the license plates on defendant's car. Soon afterwards the defendant was taken into custody, at which time and again later at the trial he was positively identified by the owner as the man he discovered burglarizing his home. In his defense the defendant sought to show that it was a case of mistaken identity, and that he was elsewhere at the time of the commission of the burglary. The evidence introduced by the prosecution is amply sufficient, however, to support the verdict of the jury, and the record reveals nothing to indicate that the defendant was not fairly tried or justly convicted.

The judgment of conviction and order denying defendant's motion for new trial are therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.